UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WINKAL HOLDINGS, L.L.C.,
    Plaintiff
v.
BERTUCCI'S RESTAURANT CORP. and
BERTUCCI'S, INC.
    Defendants

## COMPLAINT

Plaintiff WINKAL HOLDINGS, L.L.C. (hereinafter referred hereto as "WINKAL"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Complaint against defendants BERTUCCI'S RESTAURANT CORP. ("BERTUCCI'S") and BERTUCCI'S, INC. ("GUARANTOR"), alleges as follows:

### THE PARTIES

1.    WINKAL is, and was at all times relevant hereto, a Delaware limited liability company with a principal place of business located at 10 Rye Ridge Plaza, Suite 200, Rye Brook, New York 10573, duly qualified and authorized to do business in the Commonwealth of Massachusetts.

2.    Upon information and belief, BERTUCCI'S RESTAURANT CORP. is, and was at all times relevant hereto, a Massachusetts corporation with a principal place of business located at 155 Otis Street, Northborough, Massachusetts 01532-2414.

3.    Upon information and belief, BERTUCCI'S, INC. is, and was at all times relevant hereto, a Massachusetts corporation with a principal place of business located at 155 Otis Street, Northborough, Massachusetts 01532-2414,.

1

1444817v.2

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a) (1) as the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.

5.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants are a resident of Massachusetts.

## FACTS COMMON TO ALL COUNTS

6.      On February 12, 1998, WINKAL, through agent WIN Properties, Inc., a New York corporation, entered into a Lease agreement with BERTUCCI'S for the lease of a portion of a building located at 23 Enon Street, Beverly, Massachusetts, for the operation of a full service, casual dining, family style restaurant offering takeout and delivery service and full-service ABC liquor license. A true and correct copy of the Lease is attached as Exhibit A.

7.      In order to induce WINKAL to enter into the Lease, GUARANTOR executed a Continuing Guarantee dated January 14, 1998, in which GUARANTOR agreed to guaranty to WINKAL full and prompt payment of rent and other charges payable by BERTUCCI'S under the Lease. A true and correct copy of the Continuing Guarantee is attached as Exhibit B.

8.      The Lease has been amended in writing from time to time, including: a First Amendment dated February 12, 1998; a Second Amendment dated August 4, 1998; a Third Amendment dated January 1999. True and correct copies of the First Amendment, Second Amendment, and Third Amendment are attached hereto as Exhibit C.

2

9.   Pursuant to Article II, Paragraph 2 of the Lease, on January 18, 2008, BERTUCCI'S advised that it was renewing the Lease for a five year period commencing on November 1, 2008 ad expiring on October 31, 2013 on the terms and conditions contained in the Lease. A true and correct copy of the Notice of Renewal dated 1/18/08 is attached hereto as Exhibit D.

10.  Pursuant to Article II, Paragraph 2 and Article XV of the lease, on January 14, 2012, BERTUCCI'S advised that it would renew the Lease for a five year period commencing on November 1, 2013 and expiring October 31, 2018 on the terms and conditions contained in the Lease. A true and correct copy of the Notice of Renewal dated 1/14/12 is attached hereto as Exhibit E.

11.  On May 31, 2018, the Parties entered into a Fourth Amendment to Lease. The Fourth Amendment acknowledges that the Lease was set to expire on October 31, 2018, that BERTUCCI'S was at that time involved in a Chapter 11 Bankrupcty reorganization, and that WINKAL and BERTUCCI'S wished to extend the Term of the Lease. A true and correct copy of the Fourth Amendment is attached hereto as Exhibit F.

12.  Pursuant to the Fourth Amendment and subject to acceptance of the Lease in BERTUCCI'S bankrupcty proceedings, the Lease was extended for the period from November 1, 2018 through October 31, 2023.

13.  The Lease was accepted in BERTUCCI'S bankrupcty proceedings, and the Fourth Amendment became effective.

14.  Pursuant to the Fourth Amendment, the Minimum Monthly Rent from November 1, 2019 through October 31, 2020 is $14,875.00 per month in addition to all other amounts payable by BERTUCCI'S under the Lease.

3

15. Pursuant to Article VIII, Paragraph 4 of the Lease, in addition to the Minimum Monthly Rent, BERTUCCI'S is required to pay its pro rata share of common area maintenance ("CAM"), real estate taxes, and insurance as Additional Rent.

16. In the Fourth Amendment, GUARANTOR expressly acknowledged and agreed that GUARANTOR remained liable pursuant to the terms of the Continuing Guarantee, and would be jointly and severally liable with BERTUCCI'S for the performance of all the terms and conditions of the Lease, as amended.

17. The Lease, as amended, required BERTUCCI'S to pay the Minimum Monthly Rent and Additional Rent by the first day of each month.

18. BERTUCCI'S failed to timely pay the Minimum Monthly Rent and Additional Rent due on: April 1, 2020; May 1, 2020; June 1, 2020; July 1, 2020; and August 1, 2020.

19. By letter dated April 20, 2020 BERTUCCI'S and GUARANTOR were duly notified that BERTUCCI'S was delinquent in its obligations under the Lease the rent due on April 1, 2020.

20. WINKAL has subsequently made additional demands to BERTUCCI'S and GUARANTOR for payment of all outstanding amounts due through August 1, 2020.

21. Despite WINKAL'S demands, BERTUCCI'S and GUARANTOR have failed and refused to cure the default under the Lease by paying the amounts owed.

22. WINKAL now seeks to recover the amount of Minimum Monthly Rent and Additional Rent that is past due, and any further amounts that may come due and which are unpaid at the time judgment is entered.

23. At present, the following amounts are outstanding, and due and payable to WINKAL under the Lease:

4

| Invoice Date | Nature of Rent, Fee, or Expense | Amount |
|---|---|---|
| 4/1/2020 | Monthly CAM | $5,069.78 |
| 4/1/2020 | Monthly Insurance | $366.00 |
| 4/1/2020 | Monthly Rent | $14,875.00 |
| 4/1/2020 | Monthly Real Estate Taxes | $3,221.10 |
| 4/9/2020 | Real Estate Tax Adjustment | ($1,232.64) |
| 5/1/2020 | Monthly CAM | $5,069.78 |
| 5/1/2020 | Monthly Insurance | $366.00 |
| 5/1/2020 | Monthly Rent | $14,875.00 |
| 5/1/2020 | Monthly Real Estate Taxes | $3,221.10 |
| 6/1/2020 | Monthly CAM | $5,069.78 |
| 6/1/2020 | Monthly Insurance | $366.00 |
| 6/1/2020 | Monthly Rent | $14,875.00 |
| 6/1/2020 | Monthly Real Estate Taxes | $3,221.10 |
| 7/1/2020 | Monthly CAM | $5,069.78 |
| 7/1/2020 | Monthly Insurance | $366.00 |
| 7/1/2020 | Monthly Rent | $14,875.00 |
| 7/1/2020 | Monthly Real Estate Taxes | $3,221.10 |
| 8/1/2020 | Monthly CAM | $5,069.78 |
| 8/1/2020 | Monthly Insurance | $366.00 |
| 8/1/2020 | Monthly Rent | $14,875.00 |
| 8/1/2020 | Monthly Real Estate Taxes | $3,221.10 |
|  | **Total** | **$116,426.76** |

24.   Pursuant to Article XII, Paragraph 6 of the Lease, BERTUCCI'S is required to pay all costs and reasonable attorney fees incurred by WINKAL in enforcing the covenants, agreements, terms and provisions of the Lease.

25.   The Continuing Guarantee provides that WINKAL "shall not be first required to enforce against [BERTUCCI'S] or any other person the liabilities guaranteed hereby before seeking enforcement thereof against the undersigned, and agrees to pay all attorneys' fees and costs incurred by [WINKAL] in enforcing this guarantee and defending any claims asserted by the undersigned or [BERTUCCI'S]." Exhibit B.

## COUNT I

### (Breach of Lease)

26.    WINKAL repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth fully herein.

27.    The Lease, as amended, is a valid and fully enforceable contract between WINKAL and BERTUCCI'S.

28.    At all relevant times, WINKAL complied with all of the terms and conditions set forth in the Lease.

29.    BERTUCCI'S has breached its duties under, and defaulted upon, the Lease by failing to pay $116,426.76 owed to WINKAL under the Lease.

30.    As a result of BERTUCCI'S breach and default of its obligations under the Lease, WINKAL has suffered damages in the amount of no less than $116,426.76.

31.    WINKAL's damages continue to accrue.

32.    Pursuant to M.G.L. ch. 231, § 6C, WINKAL is entitled to prejudgment interest at twelve percent per annum from the dates of breach or demand.

33.    Pursuant to Article VII, Paragraph 6 of the Lease, BERTUCCI'S is required to pay all costs and reasonable attorney fees incurred by WINKAL in enforcing the covenants, agreements, terms and provisions of the Lease.

Wherefore, Plaintiff WINKAL HOLDINGS, L.L.C. prays for judgment against BERTUCCI'S RESTAURANT CORP. in the amount of its damages, including the amount unpaid Minimum Monthly Rent and Additional Rent outstanding as of the time judgement is entered, along with prejudgment interest pursuant to M.G.L. ch. 231, § 6C, along with costs and reasonable attorneys' fees.

1444817v.2

## COUNT II

(Breach of Guarantee)

34.    WINKAL repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth fully herein.

35.    WINKAL demanded payment from BERTUCCI'S and GUARANTOR of unpaid Minimum Monthly Rent and Additional Rent for the months April, May, June, and July, 2020.

36.    Neither BERTUCCI'S nor GUARANTOR cured the defaults under the Lease.

37.    GUARANTOR guaranteed all of BERTUCCI'S's obligations under the Lease, and is jointly and severally liable to WINKAL for performance of allof BERTUCCI'S obligations under the Lease, including payment of Minimum Monthly Rent and Additional Rent.

38.    Despite demand, GUARANTOR has failed and refused to comply with the terms of the Continuing Guarantee.

39.    Based upon the foregoing, WINKAL has been damaged in the amount of no less than $116,426.76.

40.    WINKAL's damages continue to accrue.

41.    Pursuant to M.G.L. ch. 231, § 6C, WINKAL is entitled to prejudgment interest at twelve percent per annum from the dates of breach.

42.    Pursuant to the terms of the Continuing Guarantee, GUARANTOR has agreed to pay all attorneys' fees and costs incurred by WINKAL in enforcing the Continuing Guarantee.

Wherefore, Plaintiff WINKAL HOLDINGS, L.L.C. prays for judgment against BERTUCCI'S, INC. in the amount of its damages, including the amounts of unpaid Minimum

1444817v.2

Monthly Rent and Additional Rent outstanding as of the time judgement is entered, along with prejudgment interest pursuant to M.G.L. ch. 231, § 6C, and for an award of its costs and reasonable attorneys' fees and such other and further relief as is just and equitable.

Dated: August 10, 2020

Respectfully submitted,
Plaintiff,
WINKAL HOLDINGS LLC
By its attorneys,

/s/ Kara Thorvaldsen
Kara Thorvaldsen, BBO#660723
Kara.Thorvaldsen@wilsonelser.com
WILSON ELSER LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
617.422.5300